UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSE L. BARBER, <br> TDCJ No. 0484454, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | Civil No. SA-19-CA-0785-XR |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Jesse L. Barber's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 7), Petitioner's Memorandum in Support (ECF No. 8), Respondent's Answer (ECF No. 18), and Petitioner's Reply (ECF No. 20). Petitioner challenges the loss of "street-time" credit as a result of his December 2017 parole revocation, arguing that the denial of credit for the time he spent on parole constitutes an unconstitutional extension of his sentence and that he should be released because he has completed his sentence. In her answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as time-barred and without merit.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's federal habeas corpus petition is barred by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). In the alternative, federal habeas relief is unwarranted because Petitioner's allegations are without merit. Thus, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In June 1988, Petitioner was convicted of possession of a controlled substance and was sentenced to thirty years of imprisonment. *State v. Barber*, No. 88-CR-1743 (144th Dist. Ct., Bexar Cnty., Tex. June 2, 1988) (ECF No. 19-3 at 43-44). His conviction was affirmed on direct appeal to the Texas Fourth Court of Appeals. *Barber v. State*, No. 04-88-00285-CR (Tex. App.—San Antonio, Oct. 4, 1989, no. pet.). According to records provided by Respondent, Petitioner has since been released from TDCJ custody on parole on three separate occasions only to have his parole eventually revoked each time. (ECF No. 18-1 at 3). Most recently, Petitioner's parole was revoked on December 18, 2017, after having spent ten years, one month, and eleven days on parole. *Id.* When Petitioner was returned to TDCJ custody ten days later, he lost all street-time credits earned during his release pursuant to Texas Government Code § 508.149(a)(11) due to a prior conviction for aggravated robbery. *Id.* at 3, 7.

On April 17, 2018, Petitioner filed a time dispute resolution (TDR) form with TDCJ. Two weeks later, on May 1, 2018, Petitioner was advised by TDCJ that he was not eligible for street time under the Texas Government Code and that the ten-plus years he spent out of custody have been added onto the end of his sentence. *Id.* at 7. Petitioner then waited eight months, until January 2, 2019, before challenging the denial of his street-time credits in a state habeas corpus application. *Ex parte Barber*, No. 32,109-03 (Tex. Crim. App.) (ECF No. 19-3 at 20). The Texas Court of Criminal Appeals denied Petitioner's state application without written order on May 1, 2019. (ECF No. 19-5). Petitioner then placed his initial federal habeas petition in the prison mail system on May 31, 2019, with the instant amended petition following shortly thereafter. (ECF No. 1 at 5).

## II. Analysis

### A. The Statute of Limitations

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, Petitioner is challenging TDCJ's determination that he is not eligible for street-time credit for the time he spent on parole. Arguably, the factual predicate of such claims is discoverable at the time of Petitioner's parole revocation because, under Texas law, eligibility for street time served on parole is determined by the statute in effect upon the revocation of parole. *See Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009). In according Petitioner greater latitude, however, the Court still finds Petitioner could have discovered, through the exercise of due diligence, the factual basis of his claim by December 28, 2017, the date he was returned to TDCJ following the revocation of his parole. (ECF No. 18-1 at 7). As a result, the limitations period under § 2244(d) began to run on that date and expired one year later on December 28, 2018. Because Petitioner did not file his initial § 2254 petition until May 31, 2019—well after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

#### 1. Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that

3

violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The Fifth Circuit has determined that a petitioner is entitled to tolling during the time a TDR form is pending because Texas law requires prisoners to file a TDR if they wish to dispute the calculation of their time served. *See Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). As discussed previously, Petitioner filed a TDR form on April 17, 2018, which was later denied by TDCJ on May 1, 2018. Accordingly, Petitioner's TDR form tolled the limitations period for a total of 14 days, making his federal petition due on January 11, 2019.

Similarly, Petitioner's state habeas application, executed January 2, 2019, and denied by the Texas Court of Criminal Appeals on May 1, 2019, tolled the limitations period for an additional 119 days, making his federal petition due on May 10, 2019. Petitioner did not file his initial § 2254 petition until May 31, 2019—21 days after the limitations period expired.

2. **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v.*

4

*Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not provided this Court with any valid reason to equitably toll the limitations period in this case. Even with the benefit of liberal construction, Petitioner has provided no justification for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). Moreover, Petitioner fails to show that he has been pursuing his rights diligently. Although he attempted to dispute the denial of his street-time credit in both a TDR and a state habeas petition, Petitioner fails to demonstrate why it took almost four months to file a TDR form once he was returned to TDCJ custody, much less explain why he waited another eight months after the denial of his TDR to raise the allegations in a state habeas application. Because Petitioner failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

B.  **<u>Alternative Merits Determination</u>**

Petitioner argues he is entitled to credit for the time he spent on parole, also known as "street time." Petitioner appears to have exhausted his state court remedies with respect to his claims for street-time credit. Therefore, the scope of this Court's review is determining whether

the adjudication of Petitioner's claims by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). He fails to make this showing.

Petitioner is not entitled to street-time credit after his revocation. The law in this circuit firmly establishes that time spent on parole or mandatory supervision does not operate to reduce the sentence of a parole or mandatory supervision violator returned to prison. The courts have consistently held that by violating parole or mandatory supervision, a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole or mandatory supervision. *See Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); *Cortinas v. United States Parole Comm'n*, 938 F.2d 43 (5th Cir. 1991); *Munguia v. United States Parole Comm'n*, 871 F.2d 517, 521 (5th Cir. 1989); *United States v. Newton*, 698 F.2d 770, 772 (5th Cir. 1983). Thus, Petitioner has no federal constitutional right to reduction of his sentence for time spent on parole or mandatory supervision.

Additionally, the Court notes that parole and mandatory supervision conditions are not additional to, but rather part of, the original sentence. *See Coronado v. United States Board of Parole*, 540 F.2d 216, 218 (5th Cir. 1976); *Sturgis v. United States*, 419 F.2d 390 (5th Cir. 1969). Nor does Petitioner's loss of street-time credit constitute cruel and unusual punishment or unlawfully alter and extend his sentence. Requiring a prisoner to serve his assessed sentence in a manner consistent with Texas law is not unconstitutional. *Rummel v. Estelle*, 445 U.S. 263, 268-69 (1980). Petitioner is not being forced to serve more than his ten-year sentence. Petitioner violated the terms of his parole, and as a result, lost any credit for the time he spent on parole.

6

Furthermore, Petitioner is not entitled to his street-time credit based on Texas law governing parole and mandatory supervision. Under Texas law, eligibility for street time served on parole is determined by the statute in effect upon the revocation of parole. *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009). The Texas statute addressing street-time credit in effect at the time of Petitioner's 2017 parole revocation read, in pertinent part:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

Tex. Gov't Code § 508.283(b) (West 2017). In other words, an inmate serving a sentence for, or previously convicted of, a crime described in section 508.149(a) of the Texas Government Code is not entitled to restoration of street-time credit. In this case, Petitioner had been convicted of aggravated robbery prior to his revocation, which is one of the offenses listed in section 508.149(a) of the Texas Government Code. *See* Tex. Gov't Code § 508.149(a)(11). Because Petitioner was a person described in § 508.149(a) at the time of his parole revocation, he was not entitled to street-time credit pursuant to § 508.283(b) for time spent on parole prior to revocation.

As a result, having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a

7

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El,* 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler,* 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

### IV. Conclusion

After careful consideration, the Court concludes that Petitioner's allegations challenging the loss of street-time credit as a result of his December 2017 parole revocation are both without

8

merit and barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Jesse L. Barber's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 7) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 2nd day of December, 2019.

_____
**XAVIER RODRIGUEZ**
**United States District Judge**